**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

PEARLIE CAMERON, ET AL.                                                                 PLAINTIFFS

vs.                                                          CIVIL ACTION NO. 3:05-cv-171HTW-LRA

MISSISSIPPI VALLEY GAS COMPANY, INC., ET AL.                           DEFENDANTS

**ORDER**

Before the court is the motion of the plaintiffs to set aside judgment [**docket no. 40**] under Rule 60(b)[1] of the Federal Rules of Civil Procedure which dated October 16, 2007.  The motion claims that counsel for the plaintiffs agreed to dismiss this case with prejudice and failed to inform the Guardian of certain of the minor plaintiffs.  This court entered the Order of Dismissal on October 25, 2005.  The plaintiffs cite state court rules in support of their argument that matters involving minors in Chancery Courts will not be resolved without Chancery Court approval, implying that this court's Order of Dismissal is subject to the approval of the Mississippi Chancery Court where minors are involved.  Plaintiffs cite no authority for this assertion.

---

[1] Rule 60(b) provides that, [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void;  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Under subsection c, "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

The plaintiffs brought this action against the defendants claiming wrongful death by carbon monoxide poisoning of Alphonso Jones.  Cause of death was alleged to be the pilot light of a gas stove in the Jones mobile home.  However, the evidence showed that the mobile home originally was designed to be all-electric and that someone other than the defendants had modified the mobile home with the gas stove.  The medical examination of Alphonso Jones showed that the carbon monoxide level in his lungs was not fatal and did not exceed the amount which might be expected in the lungs of someone who is a regular smoker.  Finally, the defendant Whirlpool Corporation was prepared to show that the accused pilot light by its design could not have emitted enough carbon monoxide to be fatal to Alphonso Jones.  In view of these proffered facts, counsel for the plaintiffs determined that the plaintiff's claims should be dismissed with prejudice.

The plaintiffs now approach the court with new counsel who simply states that he has investigated the matter and believes that this case was improperly dismissed.  New counsel offers no evidence concerning his claim that the Guardian was not informed by previous counsel of the decision to dismiss the case.  No evidence is offered to substantiate new counsel's claim that he has conducted an investigation.  Nothing is presented of any unique or extraordinary circumstances to support his general conclusion that this case was improperly dismissed.  Instead, new counsel filed an additional motion to set aside judgment [**docket no. 48**], which adds the qualifications of a putative expert witness, but offers nothing to rebut the basis for this court's dismissal of this action two years ago.

Finally, the plaintiffs submit a memorandum which attempts to show that this court should follow the procedural rules of the Mississippi Chancery Courts.

### **APPLICABLE LAW**

Under the doctrine developed in *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court adjudicating a claim arising out of state law applies state substantive law **and federal procedural law** so as to discourage forum shopping and avoid inequitable administration of laws. *Hanna v. Plumer*, 380 U.S. 460, 468, 85 S.Ct. 1136, 1142, 14 L.Ed.2d 8 (1965). The plaintiff simply cannot be heard to argue that this court is required to follow state procedural law.

Additionally, [r]ule 60(b) relief will be afforded only in "unique circumstances," and the "extraordinary relief afforded by rule 60(b ) requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985); *Wright v. Robinson*, 113 Fed. Appx. 12, 16 (5th Cir. 2004) citing *Pryor*, 769 F.2d at 286. Plaintiffs' new counsel has failed to assert any unique circumstances that would justify this court's setting aside its prior dismissal based on the facts presented at that time. Those facts remain unrefuted.

Consequently, both motions submitted by the plaintiffs to set aside judgment [**docket no. 40 and docket no. 48**] are denied.

**SO ORDERED this the 22nd day of April, 2008.**

                                        **s/ HENRY T. WINGATE**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:05-cv-171HTW-LRA